**Scott Oborne, OSB #062333**
obornes@jacksonlewis.com
**Mark Crabtree, OSB #015070**
crabtreem@jacksonlewis.com
Jackson Lewis, LLP
806 SW Broadway, Ste. 400
Portland, OR 97205
(503) 229-0404
(503) 229-0405 (facsimile)
**ATTORNEYS FOR DEFENDANT**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JESSICA WETHINGTON,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**NETFLIX, INC., a Delaware corporation,**<br><br>　　　　Defendant. | Case No.:  6:09-cv-1047-AA<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

Defendant NETFLIX, INC., ("Defendant") answers Plaintiff's Complaint as follows:

FIRST CLAIM FOR RELIEF

(Disability/Perceived Disability Discrimination - ORS 659A.l12, *et. seq.*)

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies each and every allegation contained therein.

ANSWER - 1

**Jackson Lewis LLP**
Jackson Tower
806 SW Broadway, Ste. 400
Portland, OR 97205
(503) 229-0404
(503) 229-0405 (fax)

2.

In response to paragraph 2 of the Complaint, Defendant admits it is a Delaware corporation. Defendant further admits it conducts business in Oregon. Given the vague nature of the remaining allegations contained in paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies each and every other allegation contained therein.

3.

In response to paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4.

In response to paragraph 4 of the Complaint, Defendant admits Plaintiff was terminated. Defendant denies it was informed that Plaintiff was diagnosed with depression or anxiety or that she took medication for those conditions. Defendant further denies Plaintiff's alleged condition or the medication she allegedly took for those conditions substantially limited Plaintiff in a major life activity. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies each and every other allegation contained therein.

5.

In response to paragraph 5 of the Complaint, Defendant admits Plaintiff was terminated. Defendant also admits Plaintiff requested to take more frequent breaks and a modified schedule. Defendant denies Plaintiff requested an assigned work station as an accommodation. Defendant admits its human resources department arranged for accommodations to be provided to Plaintiff. Defendant denies each and every other allegation contained therein, including any implied assertion that Defendant unlawfully denied Plaintiff an assigned work station.

ANSWER - 2

Jackson Lewis LLP
Jackson Tower
806 SW Broadway, Ste. 400
Portland, OR 97205
(503) 229-0404
(503) 229-0405 (fax)

6.

In response to paragraph 6 of the Complaint, Defendant admits Plaintiff was terminated. Defendant denies each and every other allegation contained therein.

7.

In response to paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein.

8.

In response to paragraph 8 of the Complaint and its subparts, Defendant denies each and every allegation contained therein.

9.

In response to paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein.

10.

In response to paragraph 10 of the Complaint, Defendant denies each and every allegation contained therein.

11.

In response to paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein.

12.

In response to paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein.

SECOND CLAIM FOR RELIEF

(Oregon Family Leave Act Discrimination – ORS chapter 659A)

13.

In response to paragraph 13 of the Complaint, Defendant incorporates herein by reference paragraphs 1 through 12 of its Answer to the Complaint as set forth above.

ANSWER - 3

Jackson Lewis LLP
Jackson Tower
806 SW Broadway, Ste. 400
Portland, OR 97205
(503) 229-0404
(503) 229-0405 (fax)

14.

In response to paragraph 14 of the Complaint, Defendant admits the allegations contained therein.

15.

Given the vague nature of the allegations in paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

16.

In response to paragraph 16 of the Complaint, Defendant admits Plaintiff requested intermittent leave in or around May 2008. Defendant further admits that Plaintiff requested pregnancy/maternity leave in or about January 2009. Defendant also admits Plaintiff informed Defendant she was pregnant in approximately October 2008. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies each and every other allegation contained therein.

17.

In response to paragraph 17 of the Complaint, Defendant admits it granted Plaintiff's request for leave. Defendant denies each and every other allegation contained therein.

18.

In response to paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19.

In response to paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein.

ANSWER - 4

Jackson Lewis LLP
Jackson Tower
806 SW Broadway, Ste. 400
Portland, OR 97205
(503) 229-0404
(503) 229-0405 (fax)

## THIRD CLAIM FOR RELIEF

(Pregnancy Discrimination – ORS 659A.029 and ORS 659A.030)

20.

In response to paragraph 20 of the Complaint, Defendant incorporates herein by reference paragraphs 1 through 19 of its Answer to the Complaint as set forth above.

21.

In response to paragraph 21 of the Complaint, Defendant admits Plaintiff was terminated. Defendant further admits Plaintiff notified Defendant she was pregnant in or around October 2008. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies each and every other allegation contained therein.

22.

In response to paragraph 22 of the Complaint, Defendant admits Plaintiff requested additional breaks and intermittent medical leave due to her pregnancy. Defendant denies each and every other allegation contained therein.

23.

In response to paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

(Wrongful Discharge)

24.

In response to paragraph 24 of the Complaint, Defendant incorporates herein by reference paragraphs 1 through 23 of its Answer to the Complaint as set forth above.

25.

In response to paragraph 25 of the Complaint, Defendant admits Plaintiff requested family leave for a medical condition. Defendant admits Plaintiff took family leave for a medical

ANSWER - 5

Jackson Lewis LLP
Jackson Tower
806 SW Broadway, Ste. 400
Portland, OR 97205
(503) 229-0404
(503) 229-0405 (fax)

condition. Defendant admits Plaintiff requested family leave for her pregnancy. Defendant admits Plaintiff took family leave for her pregnancy. Defendant admits Plaintiff requested maternity leave. Defendant denies each and every other allegation contained therein.

## AFFIRMATIVE DEFENSES

By way of affirmative defense to the allegations of the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim for relief alleged therein, is barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff had and continues to have the ability and opportunity to mitigate her alleged economic and non-economic damages and she has failed and refused to mitigate those alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's first cause of action is barred in whole or in part because Defendant satisfied and/or discharged its duty to engage Plaintiff in good faith interactive discussions to determine the availability of effective reasonable accommodations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's first cause of action for failure to accommodate is barred because Plaintiff failed to participate in the interactive process which broke down through no fault of defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's common law wrongful discharge causes of action are barred in whole or in part because Plaintiff has an adequate statutory remedy.

ANSWER - 6

Jackson Lewis LLP
Jackson Tower
806 SW Broadway, Ste. 400
Portland, OR 97205
(503) 229-0404
(503) 229-0405 (fax)

## **SEVENTH AFFIRMATIVE DEFENSE**

Pending further discovery, Plaintiff's claims may be barred by the doctrines of estoppel, laches and other defenses set forth in Fed. R. Civ. P. 8(c).

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. For costs of suit incurred herein, including reasonable attorney's fees; and

4. For such other and further relief as the Court deems just and equitable.

Dated this 3rd day of September, 2009.

                        JACKSON LEWIS LLP

                        By:   s/ Mark Crabtree
                              Scott Oborne, OSB #062333
                              Mark A. Crabtree, OSB #015070
                              503-229-0404
                              Attorneys for Defendant

ANSWER - 7

Jackson Lewis LLP
Jackson Tower
806 SW Broadway, Ste. 400
Portland, OR 97205
(503) 229-0404
(503) 229-0405 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Scott N. Hunt, OSB #92343
Busse & Hunt
621 SW Morrison Street, Suite 521
Portland, Oregon 97205
shunt@busseandhunt.com


DATED the 3rd day of September, 2009 at Portland, Oregon.


                                                  s/ Julie Dod
                                                  Julie Dod